# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Fakher Haydar Al-Yasiry,

            Petitioner,     Case No. 18-10233

v.

                               Judith E. Levy
                               United States District Judge

Jack Kowalski,

            Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Fakher Haydar Al-Yasiry, a Michigan prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In Wayne County Circuit Court, a jury convicted petitioner of first-degree home invasion, Mich. Comp. Laws § 750.110a(2); assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84; felonious assault, Mich. Comp. Laws § 750.82; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner raises two evidentiary

claims, a judicial misconduct claim, and two claims related to his state sentencing.

I. **Background**

This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *Wagner v. Smith,* 581 F. 3d 410, 413 (6th Cir. 2009) (citing § 2254(e)(1)):

> Defendant's convictions arise from an incident on March 9, 2014, at the home of the victim, Ali Alabaudi, in Detroit. Alabaudi was renting the house from the owner, Abbis Aldhalimi. Earlier that evening, Aldhalimi came to the house and became involved in a verbal confrontation with Alabaudi, during which Alabaudi asked Aldhalimi to fix the house, and Aldhalimi expressed to Alabaudi that he wanted Alabaudi to leave the house. Before leaving, Aldhalimi told Alabaudi to "watch and see what's gonna happen today." After Aldhalimi left, defendant and three other persons arrived at the house. Alabaudi recognized his friend Hussein as part of the group, so Alabaudi opened his front door. Thereafter, defendant entered the home along with Hussein, a Hispanic male, and a Hispanic female. The three men were armed with guns. Defendant told Alabaudi to leave the home and made other threats against Alabaudi. When Alabaudi reached for defendant's gun hand, the gun discharged and several shots were fired inside the house. After the shooting stopped, defendant and the Hispanic couple left with Hussein. Additional shots were fired at the house from the outside. Alabaudi told the police after the offense, and similarly testified at trial, that defendant was wearing a bulletproof vest during the offense.

2

*People v. Al-Yasiry*, No. 326677, 2016 WL 4494453, at * 1 (Mich. Ct. App. Aug. 25, 2016). He was sentenced to concurrent prison terms of eleven years and eight months to twenty years for first-degree home invasion, one to ten years imprisonment for assault with intent to do great bodily harm, and one to four years for felonious assault, to be served consecutively with a two-year sentence for felony firearm. *Id.*

On appeal, petitioner argued that a Facebook photograph of him wearing a bulletproof vest and a bulletproof vest were improperly admitted at trial; that the trial judge was not impartial when she questioned a defense witness; that he must be resentenced because the trial court incorrectly scored certain offense variables of the Michigan sentencing guidelines; that he must be resentenced because "the trial court improperly found him guilty of other criminal offenses of which he was acquitted;" and that he must be resentenced because "the trial court engaged in judicial fact-finding when scoring the sentencing guidelines." *Id.* at *1–7. The court of appeals affirmed his conviction, but remanded for reconsideration of petitioner's sentence based on his judicial fact-finding claim in light of *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015).

*Id.* at *9–10. The Michigan Supreme Court denied petitioner leave to appeal. *People v. Al-Yasiry,* 893 N.W.2d 625 (2017).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) "Mr. Al-Yasiry was denied his state and federal constitutional due process right to a fair trial as the trial court reversibly erred when it admitted prejudicial inadmissible evidence," (2) "[d]ue to the discovery violation, Mr. Al-Yasiry was denied his state and federal constitutional right to a fair trial when the trial court failed to mitigate the prejudicial effect of the violation by barring the admission of the photograph, (3) "[t]he trial judge violated Mr. Al-Yasiry's state and federal constitutional due process right to a fair trial when the judge directly questioned the sole defense witness about sharia law, which suggested the judge's belief in the prosecution's case," (4) "Mr. Al-Yasiry is entitled to resentencing because errors in the scoring of his sentencing guidelines . . . resulted in the use of an inaccurate minimum range in violation of his due process right to be sentenced on the basis of accurate information," and (5) "Mr. Al-Yasiry must be resentenced where the trial court disregarded the law

and considered him guilty in a separate file where he had been found not guilty." (Dkt. 1 at 17.)[1]

## II. Legal Standard

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") limits the authority of a district court to grant habeas relief on a claim that was adjudicated on the merits by the state courts. *See* § 2254(d). A § 2254 petition may only be granted if the state court adjudication was "contrary to" or resulted in an "unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). A state court decision is "contrary to" clearly established law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Moore v. Mitchell*, 708 F.3d 760, 774 (6th Cir. 2013) (citing *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). And a state court decision is an "unreasonable application of clearly

---

[1] Respondent addresses a sixth claim that petitioner raised in his appellate state court proceedings (Dkt. 7 at 25), but petitioner did not raise that claim here, likely because the state court of appeals remanded the case so that the state trial judge could reconsider petitioner's sentence. *Al-Yasiry*, 2016 WL 4494453, at *9–10.

established" law "where 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the [petitioner's] case.'" *Carter v. Bogan*, 900 F.3d 754, 767 (6th Cir. 2018) (quoting *Williams*, 529 U.S. at 413).

An "unreasonable application" is more than incorrect, but one that is "objectively unreasonable," *id.* at 768 (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)), meaning "the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement," *id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). A habeas petitioner should be denied relief if it is within the "realm of possibility" that fair-minded jurists could find the state court decision was reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Analysis

#### A. Claims I & II: Evidentiary Claims

In his first two claims, petitioner argues that the admissibility of certain pieces of evidence violated his right to a fair trial. In his first claim, petitioner argues that his due process rights were violated by the

6

admission of (1) a Facebook photograph showing petitioner pointing a gun while wearing a bulletproof vest and (2) a bulletproof vest that the police had recovered from petitioner in connection with another case. Petitioner claims that this evidence was irrelevant, more prejudicial than probative, and was admitted in violation of Michigan Rule of Evidence 404(b) because it was propensity evidence. He also argues that the prosecutor failed to establish a proper foundation. In his second claim, petitioner argues that the photograph should not have been admitted because the prosecutor failed to provide it to the defense as part of discovery, as required by Michigan Court Rule 6.201(A)(6).

Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000). To receive habeas relief, petitioner must show that the evidentiary ruling was contrary to clearly established Supreme Court precedent. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness" will it "violate due process and warrant habeas relief." *Id.* (citing cases).

Petitioner is not entitled to habeas relief on his first claim because the violations of state evidence rules, assuming there were any, were not so egregious that it resulted in a fundamental unfairness in violation of his due process rights. The foundation, relevance, prejudice, and Rule 404(b) claims are all governed by state law. *See Bey v. Bagley,* 500 F. 3d 514, 519 (6th Cir. 2007) (404(b)); *Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grounds*, 563 F.3d 222 (6th Cir. 2009) (prejudice); *Rhea v. Jones*, 622 F. Supp. 2d 562, 590 (W.D. Mich. 2008) (foundation)). There is no Supreme Court holding that any of these evidentiary violations violate due process. *E.g.*, *Blackmon v. Booker*, 696 F. 3d 536, 551 (6th Cir. 2012) (relevance, prejudice, and 404(b)); *see, e.g.*, *Bugh,* 329 F. 3d at 512 (propensity evidence). Consequently, petitioner's first claim fails to establish grounds for habeas relief.

Petitioner's second claim regarding the prosecutor's failure to disclose the Facebook photograph to petitioner similarly fails. A claim that a prosecutor violated state discovery rules is not cognizable in federal habeas review because it is not a constitutional violation. *See Lorraine v. Coyle,* 291 F. 3d 416, 441 (6th Cir. 2002). Moreover, "[i]t is well settled that there is no general constitutional right to discovery in a

8

criminal case." *Stadler v. Curtin*, 682 F. Supp. 2d 807, 818 (E.D. Mich. 2010) (*citing Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988)). Therefore, petitioner fails to show that this discovery violation is contrary to or an unreasonable application of federal law and is not entitled to habeas relief on this claim. *See Burns v. Lafler*, 328 F. Supp. 2d 711, 717, 723 (E.D. Mich. 2004) (holding petitioner was not entitled to habeas relief on claim that the trial court abused its discretion in failing to exclude evidence and testimony or dismiss the charges when the prosecutor failed to comply with the discovery order).

## B. Claim III: Judicial Misconduct

Petitioner argues that the trial judge committed judicial misconduct because she pierced the veil of judicial impartiality when she questioned Al-Yasiry's father about some points of Sharia law, the Islamic holy law. The state court of appeals reviewed this claim under a plain error standard and the question is still whether the state court of appeals' rejection of the judicial misconduct claim was contrary to or an unreasonable application of clearly established federal law. *See Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017), *cert. denied*, 138 S. Ct.

1998 (2018). The Due Process Clause of the Fourteenth Amendment requires "a fair trial in a fair tribunal," *In re Murchison*, 349 U.S. 133, 136 (1955), meaning a trial before a judge with no actual bias against the defendant or an interest in the outcome of the case, *Railey v. Webb*, 540 F.3d 393, 399 (6th Cir. 2008) (citing *In re Murchison*, 349 U.S. at 136). "Trial judges have a wide latitude in conducting trials, but they must preserve an attitude of impartiality and scrupulously avoid giving the jury the impression that the judge believes that the defendant is guilty." *Brown v. Palmer,* 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005) (citing *Harrington v. Iowa*, 109 F.3d 1275, 1280 (8th Cir. 1997)). The state trial judge's behavior must have "rendered the trial so fundamentally unfair as to violate federal due process." *Id.* (citing *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995).

In the questioning context, the judge must have questioned the witness in a manner that was more than the "expression of his or her personal opinion" and that the jury recognized the judge's lack of impartiality. *Brown,* 358 F. Supp. 2d at 657 (quoting *Brinlee v. Crisp*, 608 F.2d 839, 852–53) (10th Cir. 1979)). Furthermore, the questioning must have significantly interfered with the trial and prejudiced the defendant.

*McBee v. Grant*, 763 F.2d 811, 818 (6th Cir. 1985). "Expressions of impatience, dissatisfaction, annoyance, and even anger" are insufficient to establish judicial bias, as is general courtroom administration. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). A trial judge may interject himself or herself "into the trial, speak to counsel, and question witnesses in order to clear up confusion regarding the evidence or aid in its orderly presentation." *United States v. Powers*, 500 F.3d 500, 511 (6th Cir. 2007).

The state court of appeals found that the trial judge questioned petitioner's father to clarify his response to the prosecutor's questions about what conduct Sharia law permits. *People v. Al-Yasiry,* 2016 WL 4494453, at * 6. Petitioner's father testified that petitioner had to be married under Sharia law before he could have children. (Dkt. 8-15 at 71–72). Then, the trial judge asked petitioner's father whether he had raised his children to abide by Sharia law, and whether Sharia law permits tattoos, carrying guns, and alcohol and drug use. (*Id.* at 74–75.) He confirmed that he had raised his children to do so, and that Sharia law disfavors tattoos, permits carrying guns under dangerous circumstances, and forbids alcohol and drug use. (*Id.*)

11

The court of appeals concluded the trial judge's "questioning and tone" were not inappropriate for three reasons. First, she only asked a few questions of a single witness over a multi-day trial. *Al-Yasiry,* 2016 WL 4494453, at * 6. Second, Sharia law had little to do with the case. *Id.* And the judge directed jurors to disregard any personal opinion they believed she might have about the case in their deliberations, which actively mitigated the risk of any prejudice the questioning could have introduced to the jury. *Id.*

In the present case, there is no indication that the state court of appeals unreasonably determined that petitioner received a fair trial before an unbiased judge or that this determination was contrary to Supreme Court precedent. First, the trial court judge interjected to clarify the testimony, and the transcript does not show that the judge went so far as to give the jury an impression that the petitioner was guilty. Moreover, there is no evidence that petitioner's trial was significantly interrupted or that he was prejudiced by this line of questioning. In fact, the trial judge took steps to ensure there was no prejudice when she instructed the jury that it should not consider any

belief or opinion they believed she had about the case. As such, this claim does not warrant habeas relief.

### C. Claim IV: State Sentencing Error in Scoring

Petitioner alleges that the state trial court incorrectly scored several offense variables under the Michigan Sentencing Guidelines, amounting to a due process violation. However, this is a state law claim and "not cognizable on habeas review." *Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007); *see also Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016) ("[E]rrors in the application of state sentencing guidelines like those alleged in Kissner's first and fourth grounds cannot independently support habeas relief . . . ."). Petitioner has no constitutional right "to be sentenced within Michigan's guideline minimum sentence recommendations," *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004), and even errors and improper departures from the state sentencing guidelines do not entitle him to habeas relief, *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009).

### D. Claim V: State Sentencing Error in Considering Acquitted Conduct

Finally, petitioner alleges that the trial judge erred in considering his conduct from another criminal case in which he was acquitted. A

sentencing court may consider such conduct if it was proven by a preponderance of the evidence. *United States v. White*, 551 F.3d 381, 383–84 (6th Cir. 2008). Here, the state court of appeals determined that the state trial court did not assume that petitioner was guilty of the crime but considered the underlying facts of the charges that he was acquitted for. *Al-Yasiry*, 2016 WL 4494453, at *9. Petitioner fails to set forth any argument that the state court of appeals unreasonably concluded that the state trial court considered conduct that was proven by a preponderance of the evidence. There is no indication that the court of appeals' decision resulted in an unreasonable decision or one that is contrary to clearly established federal law.

## IV. Conclusion

Accordingly, the petition (Dkt. 1) is **DENIED WITH PREJUDICE**.

To obtain a certificate of appealability, a petitioner "must make a substantial showing of the denial of a constitutional right."[2] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing 28 U.S.C. § 2253(c)(2)).

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

When a district court rejects a petitioner's constitutional claims on the merits, he must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable. *Id.* at 484. Petitioner has failed to make such a showing for the reasons set forth above. Therefore, the certificate of appealability is **DENIED**.

Petitioner will also be **DENIED** leave to appeal *in forma pauperis* because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

Dated: January 25, 2019　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 25, 2019.

　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　Case Manager